1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

ROBERT EARLE JOHNSON,

11

Plaintiff,

12

v.

13

SARAH KARIKO, *et al.*,

14

Defendants.

CASE NO. 3:20-cv-05514-BHS-JRC

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

15

16        This matter is before the undersigned on referral from the District Court and on plaintiff's

17    motion for appointment of counsel.  *See* Dkt. 6.  Although plaintiff's motion for counsel was

18    filed June 16, 2020, and is noted for July 3, 2020, the Court rules on the motion for counsel in

19    advance of the noting date since no defendant has yet appeared and therefore an opportunity for a

20    response to the motion is unnecessary.  For the reasons stated below, the motion is denied

21    without prejudice to plaintiff's ability to renew the request at a later date.

22        There is no constitutional right to appointed counsel in a § 1983 civil action, and whether

23    to appoint counsel is within this Court's discretion.  *Storseth v. Spellman*, 654 F.2d 1349, 1353

24

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL - 1

1    (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

2    1995).  Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires

3    "exceptional circumstances."  *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing

4    former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998).  To

5    decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of

6    success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of

7    the complexity of the legal issues involved.'"  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

8    Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these

9    factors is dispositive and both must be viewed together[.]"  *Id.*

10          The Court has reviewed the docket and finds that at this early stage, plaintiff is able to

11   articulate his arguments in light of the nature of the claims involved.  Although plaintiff states

12   that he is currently unable to access the law library at his place of incarceration, at present, there

13   are no dispositive motions or discovery motions pending to which plaintiff must respond.

14          Because plaintiff has paid the filing fee, the next step in this matter is for plaintiff to

15   effect service of the complaint within 90 days of the filing of the complaint.  *See* Federal Rule of

16   Civil Procedure 4(m); Local Civil Rule 4(a); General Order 02-15, at 2 (it is plaintiff's obligation

17   to effect service of the summons and complaint upon defendants, including presenting

18   appropriate summons to the Court Clerk for issuance).  However, plaintiff may also request that

19   the Court serve the complaint for him, if he is unable to effect service under the circumstances.

20   *See* Federal Rule of Civil Procedure 4(c)(3).  Thus, plaintiff's alleged inability to access the law

21   library does not appear to present a serious barrier to his ability to litigate this matter at this

22   point.

23

24

1    Even if the Court found that plaintiff's circumstances presented a significant barrier to his

2    ability to litigate the case at this stage, the Court would not appoint counsel unless it appeared

3    that plaintiff had a likelihood of success on the merits.  Plaintiff raises claims of deliberate

4    indifference based on exposure to COVID-19 at his institution, in addition to claims regarding

5    alleged interference with his ability to use the mail and failure to treat a medical condition.

6    These claims are fact-dependent and at present, based on the allegations in plaintiff's complaint,

7    the Court is unable to determine that there is a likelihood of success meriting the appointment of

8    counsel in this matter.  Plaintiff's reference to requiring counsel to conduct oral argument on his

9    behalf are not persuasive because plaintiff does not currently have any motions pending that

10   require oral argument.

11   Therefore, the Court denies plaintiff's motion (Dkt. 6) without prejudice, meaning that

12   plaintiff may renew the motion at a later date when circumstances have substantially changed

13   and if plaintiff is able to make a showing of the exceptional circumstances necessary to justify

14   the appointment of counsel.

15   Dated this 17th day of June, 2020.

16

17

18   _____

19   J. Richard Creatura
     United States Magistrate Judge

20

21

22

23

24

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL - 3