UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

Plaintiff,

v.

SARAH KARIKO, *et al.*,

Defendants.

CASE NO. 3:20-cv-05514-BHS-JRC

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT

This matter is before the Court on plaintiff's second motion for leave to supplement his claims. *See* Dkt. 36. Defendants oppose the motion. *See* Dkt. 37.

As discussed below, the Court finds that plaintiff is attempting to add a distinct claim to his complaint, rather than to supplement his claims. Therefore, the Court denies plaintiff's second motion to supplement (Dkt. 36) without prejudice. If plaintiff wishes to amend his complaint, he must file a motion to amend, including a proposed amended complaint.

## BACKGROUND

Plaintiff, a prisoner at the Coyote Ridge Corrections Center ("CRCC"), initiated this matter in June 2020. *See* Dkt. 1. His complaint alleges claims under 42 U.S.C. § 1983 against various Department of Corrections officials and staff. *See* Dkt. 5, at 1–5. As relevant here, plaintiff alleges that a mailing price increase at CRCC violates the First, Fifth, and Fourteenth Amendments. *See generally* Dkt. 5. The Court directed service of the complaint, and defendants have appeared and answered the complaint. *See* Dkts. 13, 28.

Plaintiff previously motioned the Court to supplement his complaint related to his claim about the mailing price increase at CRCC. *See* Dkt. 32. Although plaintiff sought to supplement his claim, the Court found that plaintiff's new allegations regarding the confiscation of legal mail were distinct and stated a new cause of action. *See* Dkt. 35, at 2. Thus, the Court interpreted plaintiff's motion to supplement as a motion to amend his complaint and denied the motion because plaintiff had failed to provide the Court with a copy of his proposed amended complaint. *Id.* at 3.

## DISCUSSION

In his second motion to supplement, plaintiff again states that he seeks to supplement the allegations of his complaint related to his claim under the First and Fourteenth Amendments. *See* Dkt. 36, at 1. Specifically, plaintiff seeks to include allegations and evidence that defendant Turner "continues to violate [plaintiff]'s First and Fourteenth Amendment [rights] to communicate" by denying plaintiff his "rights to receive and read caselaw" pertaining to this lawsuit. *Id.* at 1–2. Attached to his motion, plaintiff provides a proposed supplement to the complaint, along with two proposed exhibits. *See id.* at 10–16.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).  Rule 15(d) supplementation does not allow the introduction of "separate, distinct and new causes of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation omitted).

Here, plaintiff argues that his new allegations are not distinct from the allegations in his complaint because they are based on defendant Turner's alleged continued denial of plaintiff's First Amendment right to communicate.  *See* Dkt. 36, at 3.  However, in the complaint, plaintiff alleges that defendants violated his First and Fourteenth Amendment rights by overcharging him the price for mailing documents.  *See* Dkt. 5, at 17–18, 31.  In contrast, in his proposed supplement, plaintiff alleges that defendant Turner confiscated plaintiff's legal mail and thus violated plaintiff's First and Fourteenth Amendment rights to receive and read caselaw.  *See* Dkt. 36, at 10–12.  Although plaintiff's supplemental allegations arise under the same amendments, they are distinct and state a new cause of action.

Therefore, the Court again construes plaintiff's motion to supplement as a motion to amend the complaint under Fed. R. Civ. P. 15(a).  Although leave to amend under this rule is generally freely given, it is important that a plaintiff comply with Local Civil Rule ("LCR") 15.  That rule requires the party seeking leave to amend to "attach a copy of the proposed amended pleading as an exhibit to the motion[.]"  And—

> [Plaintiff] must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added.  The proposed amended pleading

> must not incorporate by reference any part of the preceding pleading, including exhibits.

LCR 15. Although plaintiff has provided a copy of a proposed supplement that references the complaint (*see* Dkt. 36, at 10–16), he has failed to comply with LCR 15 because he did not provide the Court with a copy of his proposed amended complaint, which must include all of plaintiff's claims against defendants. This requirement is important because any amended complaint supersedes all previous complaints, and any claims that are not realleged in an amended complaint are deemed waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1473–74 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

Therefore, the Court denies the motion to supplement (Dkt. 36) without prejudice. If plaintiff wishes to pursue his new proposed claim against defendant Turner for allegedly confiscating his legal mail, he must file a motion for leave to amend his complaint along with a copy of the proposed amended complaint. *See* LCR 15. The proposed amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the complaint (Dkt. 5) by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint shall be deemed waived. *Forsyth*, 114 F.3d at 1474.

The Clerk is directed to provide plaintiff with the form for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 9th day of February, 2021.

J. Richard Creatura
United States Magistrate Judge