UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

          Plaintiff,

v.

SARAH KARIKO, *et al.*,

          Defendants.

CASE NO. 3:20-cv-05514-BHS-JRC

ORDER GRANTING MOTION FOR EXTENSION AND DENYING MOTION TO COMPEL

      This matter is before the Court on plaintiff's motions for an extension of the discovery deadline and to compel. Dkts. 38, 40. For the reasons set forth herein, the Court grants the motion for an extension and denies the motion to compel without prejudice—meaning that upon a proper showing, plaintiff may renew his motion to compel if necessary at a future date and upon an appropriate showing. However, the motion to compel regarding request for admission 12 is denied *with* prejudice, meaning that plaintiff may *not* renew his motion in this regard at a future date.

**MOTION TO COMPEL**

In the motion to compel, plaintiff requests that the Court compel defendant Stephen Sinclair to respond to certain of plaintiff's interrogatories and requests for admission. *See* Dkt. 40, at 2–3.

Defendants objected to interrogatories 1, 5, 6, and 10 and requests for admissions 5, 8, 9, 11, 12, 14, and 15. Dkt. 40, at 13–33. Plaintiff asserts that he wrote to defendants' attorney informing her of his intent to move to compel regarding the interrogatories and regarding the responses to his requests for admissions. Dkt. 40, at 35–36. Plaintiff asserts that defense counsel cancelled his last attempt to schedule a conference call and then plaintiff brought his motion to compel. *See* Dkt. 40, at 36.

In response, defendants' attorney asserts that she had to cancel the previous conference call due to a scheduling conflict and that after plaintiff filed the motion to compel, they were able to schedule a telephonic conference on February 22, 2021. Dkt. 43, at 3. Under penalty of perjury, defense counsel states that she and plaintiff have met and conferred regarding the requested interrogatories and admissions and that defendant Sinclair agreed to provide a supplemental response to all but one request for admission (number 12). Dkt. 43, at 3.

Therefore, the motion to compel is moot regarding a majority of the requested discovery, since it appears that defendant Sinclair has agreed to supplement his responses. The motion to compel is accordingly denied, but the denial is without prejudice.

The remaining discovery dispute concerns request for admission 12, which states, "[p]lease admit as [sic] Washington Department of Corrections secretary has a constitutional duty to protect Mr. Johnson's health safety." Dkt. 40, at 31. Defendants object that this request for admission is impermissible since it seeks a legal conclusion, among other things. Dkt. 40, at

31. Their objection is well-taken. *See Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law."). Therefore, the motion to compel is denied with prejudice solely inasmuch as plaintiff seeks to compel defendant Sinclair to respond to request for admission 12.

## MOTION FOR EXTENSION

Plaintiff seeks—and defendants do not oppose—a 60-day extension of the discovery deadline. The Court finds good cause and grants the extension. The Court also correspondingly extends the deadline for dispositive motions, as set forth below.

## CONCLUSION

The motion for an extension is granted (Dkt. 38), and the motion to compel (Dkt. 40) is denied without prejudice, except that plaintiff's request to compel defendant Sinclair to respond to request for admission 12 is denied with prejudice. The following deadlines are amended: the discovery deadline is now May 14, 2021, and the dispositive motions cutoff is now June 11, 2021.

Dated this 11th day of March, 2021.

J. Richard Creatura
United States Magistrate Judge