1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

                    Plaintiff,

        v.

SARAH KARIKO, et al.,

                    Defendants.

CASE NO. C20-5514 BHS

ORDER DENYING MOTION FOR
RECONSIDERATION

THIS MATTER is before the Court on pro se Plaintiff Robert Earle Johnson's

Motion for Reconsideration, or to Amend or Alter Judgment. Dkt. 118. Johnson asks the

Court to reconsider its order, Dkt. 116, adopting Magistrate Judge Creatura's Report and

Recommendation ("R&R") and dismissing his § 1983 claims with prejudice and without

leave to amend. Johnson argues that his objections to that R&R mistakenly re-hashed the

arguments he made in response to the underlying summary judgment motion, Dkt. 81.

        The facts of the case are detailed in the R&R and in the Court's prior Order.

Johnson argues that the Court is required to review the motion and his claims and

evidence de novo, even now, under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. Dkt. 118

at 4.

The Court disagrees. First, as the Court explained in its prior Order, objections to an R&R that simply reiterate the prior arguments are not entitled to de novo review. There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 Wl 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 019 Wl 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R are not sufficient under Fed. R. Civ. P. 72.").

Second, despite his claim that his motion seeks to alter or amend the Court's judgment under Rule 59, Johnson's motion is one for reconsideration of the Court's order adopting the R&R. The motion was filed on September 9, some 27 days after the Court's order. Under Local Rule 7(h)(3), Johnson was required to file his motion within fourteen days of the Order to which it relates. Thus, the motion is untimely.

It is also substantively deficient. Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of

(a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the Court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary (11th ed. 2019).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

1    Johnson's motion does not meet this standard, and the Court will not reconsider its

2  prior order. His motion, Dkt. 118, is DENIED and the matter remains closed.

3    IT IS SO ORDERED.

4    Dated this 4th day of November, 2022.

5

6

7    BENJAMIN H. SETTLE
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22